UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DONITA LYNN LUNA,                    )
                                     )
           Plaintiff,                )
                                     )
      v.                             )      CIVIL NO.  1:17cv354
                                     )
NANCY A. BERRYHILL, Acting           )
Commissioner of Social Security,     )
                                     )
           Defendant.                )

<u>OPINION AND ORDER</u>

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) as provided for in the Social Security Act.  Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for SSI must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1.    The claimant has not engaged in substantial gainful activity since April 18, 2014, the application date (20 CFR 416.971 *et seq*.).

2.     The claimant has the following severe impairments: spine disorder, chronic obstructive pulmonary disease (COPD), schizophrenia and other psychotic disorders, alcohol and substance addiction disorders, and anxiety disorders (20 CFR 416.920(c)).

3.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can stand and walk in combination for up to four hours but can sit for up to six hours in an eight-hour workday. She should never climb ladders, ropes, or scaffolds; only occasionally climb ramps and stairs; and only occasionally balance, stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to extreme heat, cold, and humidity; as well as fumes, odors, dust, gases, poor ventilation, and other pulmonary irritants. She should avoid even moderate exposure to hazards such as unguarded machinery and unprotected heights. The claimant is limited to simple, routine tasks, and brief and superficial interaction with coworkers and supervisors, but she should have no work with the general public.

5.     The claimant has no past relevant work (20 CFR 416.965).

6.     The claimant was born on July 18, 1963, and was 50 years old, which is defined as an individual closing approaching advanced age, on the date the application was filed (20 CFR 416.963).

7.     The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8.     Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, since April 18, 2014, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12- 20 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to SSI benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on February 27, 2018. On April 10, 2018, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on April 20, 2018. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

Plaintiff was in a car accident in 1999 and has reported back pain ever since (Tr. 774). She has also been diagnosed with chronic obstructive pulmonary disease (COPD), treating this

condition with inhalers (Tr.770).

In October 2013, Plaintiff was detained in a psychiatric center after throwing a beer can at her husband and attempting to set his hair on fire (Tr. 747). In March 2014, Plaintiff was diagnosed with major depression and posttraumatic stress disorder based on reported marital and sexual abuse (Tr. 752). That same month, Plaintiff reported pain in her lumbar spine, but she ambulated normally and had negative straight leg raise tests and good range of motion (Tr. 777). In May 2014, she had no tenderness, no edema, and good range of motion in all joints (Tr. 797). Also in May 2014, Plaintiff reported that memory problems had improved since she stopped treating her pain with street drugs (Tr. 750). In June 2014, Plaintiff underwent a consultative psychological examination with Dr. Boen, who opined that Plaintiff would not be able to concentrate or stay on task and would have difficulty getting along with coworkers and with her boss (Tr. 760-63). In July 2014, Plaintiff underwent consultative examination with internist Dr. Vemulapalli, who opined she could lift ten pounds and needed to alternate sitting and standing (Tr. 768-71).

In August 2014, Plaintiff's therapist described her nerves and moods as managed by medication (Tr. 819). Also in August 2014, she complained of lower back pain, but she had normal spinal range of motion, normal ambulation, and good range of motion (Tr. 996). That same month, State agency psychological consultant Dr. Clark reviewed the evidence of record and opined that Plaintiff retained the ability to understand, carry out, and remember simple instructions; could make judgments commensurate with unskilled work; could respond appropriately to brief supervision, interactions with coworkers, and work situations; and could deal with changes in a routine work setting (Tr. 80). State agency medical consultant Dr. Eskonen

opined based on review of the evidence that Plaintiff could perform a reduced range of light work with alternating sitting and standing (Tr. 76-78).

In November 2014, Plaintiff complained of lower back pain, but she had normal spinal range of motion, normal ambulation, and good range of motion (Tr. 987). That month, State agency psychological consultant Dr. Larsen reviewed the evidence and opined that Plaintiff retained the ability to understand, carry out, and remember simple instructions; could make judgments commensurate with unskilled work; could respond appropriately to brief supervision, interactions with coworkers, and work situations; and could deal with changes in a routine work setting (Tr. 97). State agency medical consultant Dr. Small opined based on review of the record that Plaintiff could perform a reduced range of light work (Tr. 93-95).

In April 2015, Plaintiff reported doing well, with improved mood, and stated she no longer needed her psychiatric medications (Tr. 1171). In June 2015, Plaintiff reported walking thirty minutes every other day (Tr. 1111). That same month, she tested positive for marijuana and unprescribed benzodiazepines (Tr. 1109). She was referred to a pain management doctor but terminated that relationship when the doctor did not prescribe Percocet (Tr. 1089).

In October 2015, she complained of lower back pain, but she had normal spinal range of motion, normal ambulation, and good range of motion (Tr. 1105). Chest x-rays identified pulmonary hyper-expansion suggestive of COPD (Tr. 1136). In November 2015, Plaintiff walked with antalgic gait but had normal and symmetric strength (Tr. 1081). Also in November, Plaintiff returned to counseling, asking for Xanax to be prescribed but not wanting to resume therapy (Tr. 1170). At that time, she had no memory deficits, normal attention and concentration, normal speech, coherent/logical/goal-directed thought processes, and normal thought content (Tr.1166).

In December 2015, x-rays showed compression fractures at T5, T6, and T8 and a shallow compression deformity and a Schmorl's node at the L4 superior endplate (Tr. 1016-17, 1036-37).

In support of remand, Plaintiff first argues that the ALJ did not adequately account for her moderate limitations in concentration, persistence, or pace in formulating the RFC and the hypothetical question to the VE. As noted above, the RFC provides that "The claimant is limited to simple, routine tasks, and brief and superficial interaction with coworkers and supervisors, but she should have no work with the general public."

In response, the Commissioner acknowledges that "the ALJ certainly could have been clearer in explaining how these limitations accounted for Plaintiff's limitations in concentration, persistence, or pace...." However, the Commissioner believes that the ALJ made clear that the mental aspects of the RFC relied substantially on the opinions of the State agency psychological consultants, to which the ALJ gave great weight, and the ALJ discounted other mental opinion evidence.

In *Brinley v. Berryhill*, No. 17-1706 (7th Cir. May 15, 2018), the Seventh Circuit was faced with a somewhat similar situation wherein a Plaintiff suffered from moderate mental difficulties. The Court in *Brinley* noted the vagueness in the phrase "simple, routine and repetitive tasks", and stated that, without elaboration, such a limitation is unhelpful. Likewise, in the present case, this court is unable to follow the ALJ's reasoning regarding Plaintiff's mental limitations to her supposed ability to perform work such as electrical accessories assembler, small products assembler, or bakery worker. Thus, a remand is warranted to more fully flesh out the RFC, taking into specific account Plaintiff's actual limitations.

Next, Plaintiff argues that the ALJ's Step 5 finding is not supported by substantial evidence

because the VE, when asked to describe the methodology used by SkillTRAN, stated that he could not explain the methodology.  As the Commissioner has noted in response, this court has repeatedly rejected Plaintiff's argument.  The VE explained in his testimony at the hearing that, although he did not have SkillTRAN's methodology memorized, the methodology was available online.  As there is no legal requirement that the ALJ or VE explain the methodology used by the SkillTRAN software, the court will not remand on this point.  *See Blankenship v. Colvin*, 2017 WL 2805883, at *4 (N.D. Ind. June 29, 2017); *Wilhelm v. Berryhill*, 2017 WL 5248285, at *7 (N.D. Ind. Nov. 13, 2017).

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion.


 Entered: May 21, 2018.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
